NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3089-15T1

JOSE ORTIZ,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.
____________________________

 Submitted May 2, 2017 – Decided May 12, 2017

 Before Judges Leone and Vernoia.

 On appeal from the New Jersey Department of
 Corrections.

 Jose Ortiz, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel; Randy
 Miller, Deputy Attorney General, on the
 brief).

PER CURIAM

 Appellant, Jose Ortiz, is an inmate at the New Jersey Adult

Diagnostic and Treatment Center. He appeals a March 8, 2016 New

Jersey Department of Corrections (DOC) decision finding him guilty
of prohibited act .256, refusing to obey an order of a staff

member, N.J.A.C. 10A:4-4.1(a), and imposing sanctions. We affirm.

 I.

 Appellant was assigned to perform food service work in the

Center's main kitchen. On February 21, 2016, he was directed by

institutional training instructor Bianca Olowe to perform kitchen

duties different from those he was normally assigned. Appellant

refused to perform the duties as directed. His refusal was

witnessed by Olowe and senior corrections officer Hassan.1 Olowe

advised appellant he could request a change of job assignment, but

was required to perform the kitchen duties as directed until a

change in job assignments was approved and became effective.

Appellant continued to refuse to perform the directed duties.

Olowe then terminated appellant from the kitchen duty assignment.

 Appellant was served with a notice charging him with

prohibited act .256, refusing to obey an order of a staff member,

N.J.A.C. 10A:4-4.1(a). Appellant pleaded not guilty and was

assigned a counsel substitute. The hearing commenced on February

24, 2016, but was adjourned. It concluded on March 2, 2016.

 Appellant disputed that he refused an order to perform kitchen

duties. He contended that he said only that he "didn’t want to

1 The record does not include officer Hassan's first name.

 2 A-3089-15T1
cook" because he "had a bad knee." Olowe said she repeatedly

directed him to perform the cooking duties and that he refused.

Appellant's three witnesses stated that appellant did not refuse

to work. They claimed he stated only that he wanted change his

position from cook to the kitchen's line service. One of the

witnesses stated that appellant "did not want to take

[responsibility] for cooking [and] want[ed] to step down from

cooking to line services."

 The hearing officer found that Olowe and Hassan witnessed

appellant's refusal to perform cooking services, and that

appellant's witnesses acknowledged appellant said "he wanted to

do something else other than cook." She concluded that "inmates

must do what they are ordered to do" and upheld the charge. She

imposed thirty days of administrative segregation, thirty days

loss of commutation time and ten hours of extra duty as the

sanction.

 Appellant filed an administrative appeal. The DOC issued its

final decision on March 8, 2016, finding appellant guilty of

committing prohibited act .256, but reducing the administrative

segregation time penalty to fifteen days, and suspending its

imposition for sixty days. This appeal followed.

 3 A-3089-15T1
 II.

 The scope of our review in appeals from final decisions of

administrative agencies is "severely limited." George Harms

Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). "Courts can

intervene only in those rare circumstances in which an agency

action is clearly inconsistent with its statutory mission or with

other State policy." Ibid.

 Furthermore, when reviewing a final decision of the DOC

imposing disciplinary sanctions upon an inmate, our review is

limited to determining whether there is substantial evidence to

support the agency's finding and whether, in rendering its

decision, the DOC afforded the inmate the process due. See McDonald

v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139

N.J. 212, 219-22 (1995).

 Appellant argues there was insufficient evidence supporting

the DOC's determination that he committed prohibited act .256. We

disagree. Olowe and Hassan stated that appellant refused Olove's

direct and repeated order to perform cooking services. Indeed,

appellant admitted he did not want to cook and provided an excuse,

a sore knee, for not doing so. In addition, appellant's witnesses

corroborated that appellant was directed to cook and that he said

he wanted to perform only line services. We recognize appellant

contends he did not refuse to cook, but we are satisfied there is

 4 A-3089-15T1
"substantial evidence in the record," Figueroa v. New Jersey Dep't

of Corrections, 414 N.J. Super. 186, 191 (App. Div. 2010),

supporting the DOC's conclusion that appellant committed

prohibited act .256 by refusing Olowe's order.

 Appellant also argues that the DOC violated his right to due

process. He contends the DOC failed to produce for his review the

written statements of his three witnesses during the hearing. The

record, however, shows the statements were introduced as exhibits

during appellant's hearing. Appellant signed the Adjudication of

Disciplinary Charge form acknowledging that the information

contained on "lines 1-15 accurately reflect[ed] what took place

at the inmate disciplinary hearing." A portion of line 14 shows

that the statements of the three witnesses were marked as exhibits

and introduced at the hearing. Thus, as appellant admitted by his

execution of the form, the statements were made available to him

during the hearing.

 Similarly, appellant's contention that the DOC failed to

fully explain the basis for its decision is undermined by the

record. The hearing officer's decision detailed the testimony

supporting its finding that appellant committed the prohibited

act. The DOC's final decision addressed appellant's appeal of the

hearing officer's decision, explained that it "was based on

substantial evidence" and that Olowe's testimony and written

 5 A-3089-15T1
reports were consistent, and found no evidence supporting

appellant's claim there was a "violation of standards or

misinterpretation of the facts."

 Last, we reject defendant's contention the hearing process

violated his rights "under the doctrine of fundamental fairness."

Although prison disciplinary hearings are not criminal

prosecutions requiring "the full panoply of rights due a defendant

in such a proceeding," inmates are entitled to limited due process

protections. Avant v. Clifford, 67 N.J. 496, 522 (1975). The

protections include written notice of the charges at least twenty-

four hours prior to the hearing, an impartial tribunal which may

consist of personnel from the central office staff, a limited

right to call witnesses, the assistance of counsel substitute, and

a right to a written statement of evidence relied upon and the

reasons for the sanctions imposed. Id. at 525-33; see also

McDonald, supra, 139 N.J. at 193-96.

 We discern no basis in the record to conclude appellant was

denied any of the limited due process rights to which he was

entitled. Avant, supra, 67 N.J. at 522. He received timely notice

of the charges, was assigned a counsel substitute, had a hearing

before an impartial hearing officer, received notice of the

evidence against him, and was provided the reasons for the

sanctions imposed.

 6 A-3089-15T1
 Appellant did not raise before the hearing officer his

contention that he was deprived of a fair hearing because the

hearing officer was not impartial and had otherwise improperly

decided the case before all of the evidence was presented. The

claim is based on allegations contained in a letter from counsel

substitute to the DOC's Supervisor of Disciplinary Hearing

Officers. The letter was sent outside of the record before the

hearing officer,2 and there is no evidence the claims were raised

before the hearing officer or that appellant objected to the

hearing officer's continued participation based on counsel

substitute's allegations. In fact, the Adjudication of

Disciplinary Charge form signed by appellant does not include any

allegation by appellant that the hearing officer was not impartial

or had stated she made a final decision prior to the presentation

of the evidence. Having deprived the hearing officer of the

opportunity to consider and address the allegations during the

proceeding, we will not consider appellant's contention because

2 The letter was not submitted as a part of the evidentiary record
before the hearing officer. Although it is addressed to the DOC,
it referenced the disciplinary proceedings against appellant and
another inmate, and stated that its purpose was "not to re-
litigate" the charges against the appellant but instead was to
lodge a complaint against the hearing officer and "against the
lack of transparency and fairness of the courtline process" at the
institution.

 7 A-3089-15T1
it does not involve jurisdiction or matters of great public

interest. State v. Robinson, 200 N.J. 1, 20 (2009); Nieder v.

Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).3

 Appellant's remaining arguments are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

3 Even if were to consider counsel's substitute's allegations, we
are not convinced they demonstrate appellant was deprived of a
fair hearing. It is alleged the hearing officer said she made her
final decision before considering the statements from appellant's
witnesses. The record, however, shows the hearing officer
considered appellant's witnesses' statements and relied on them
in making her decision. In addition, we are satisfied that the
statement counsel substitute attributed to the hearing officer,
to the effect that inmates could avoid abuse by not coming to
prison in the first instance, was intemperate if made but does not
require the conclusion that the hearing officer could not render
a fair and impartial decision on the charge against appellant.

 8 A-3089-15T1